**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4483**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GLENN BARRY MCDOUGALD,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (7:08-cr-00092-D-1)

Submitted: July 14, 2010        Decided: August 6, 2010

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glenn Barry McDougald pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924 (2006), and was sentenced as an armed career criminal to a term of 324 months of imprisonment. McDougald argues on appeal that his sentence is unreasonable because the district court's four-level departure above the Sentencing Guidelines range pursuant to U.S. Sentencing Guidelines Manual § 4A1.3 (2008) was unwarranted. We affirm.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory guideline range, the appellate court considers whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, the appeals court reviews the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variation from the Guidelines range." Gall, 552 U.S. at 51.

2

When reviewing a departure, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Under USSG § 4A1.3(a)(1), "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." Additionally, upward departures from the highest criminal history category, VI, are specifically contemplated by the guidelines. Commentary to USSG § 4A1.3, p.s., provides: "In the case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted." USSG § 4A1.3, comment. (n.2(B)). Furthermore, commentary to the armed career criminal guideline reflects that an upward departure pursuant to USSG § 4A1.3, p.s., will be appropriate in some cases when the defendant is sentenced as an armed career criminal. See USSG § 4B1.4, comment. (back'd.) ("In some cases, the criminal history category may not adequately reflect the

3

defendant's criminal history."); see also United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010) (rejecting argument that an upward departure is contemplated only where armed career criminals have a criminal history category IV or V).

Here, the district court's decision to depart upwardly was reasonable. The district court noted that McDougald had committed thirty-one prior felonies and eight misdemeanors; highlighted McDougald's multitude of unscored offenses; and repeatedly remarked on McDougald's staggering propensity to commit serious offenses and his unwillingness to conform to the law. In fact, the court noted McDougald continued to engage in illegal conduct while incarcerated and on probation. McDougald had four times the number of predicate crimes necessary for an armed career criminal sentence. The record therefore supports the court's conclusion that McDougald's armed career criminal designation failed to adequately reflect both the seriousness of his criminal history and his likelihood of recidivism.

In addition, we conclude the extent of the district court's departure was reasonable. In determining the extent of a departure under USSG § 4A1.3, the district court must use an incremental approach. See USSG § 4A1.3(a)(4)(A); McNeill, 598 F.3d at 166; United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007). The incremental approach requires the district court to refer first to the next higher category and explain why

4

it fails to reflect the seriousness of the defendant's record before considering a higher category. See United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992). However, a sentencing judge is not required "to move only one level, or to explain its rejection of each and every intervening level." Dalton, 477 F.3d at 199 (internal quotations omitted). "And while a court should indicate its reasons for departing upward under section 4A1.3, it need not . . . go through a ritualistic exercise in which it mechanically discusses each criminal history category or offense level it rejects en route to the category or offense level that it selects." Id. (internal quotations and brackets omitted).

With respect to the degree of departure, the court employed the methodology required by USSG § 4A1.3, p.s., for crafting an upward departure when even criminal history category VI is insufficient. Having found McDougald's total offense level of thirty was inadequate, the district court "mov[ed] incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it [found] a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B), p.s. The district court specifically found that offense levels thirty-one through thirty-three were not adequate to reflect the seriousness of the defendant's criminal history or the likelihood that he will commit future crimes,

including violent crimes.  The court also properly rejected McDougald's argument that an upward departure effectively denied McDougald's acceptance of responsibility, noting that the upward departure was about his criminal history and his likelihood of recidivism.

We conclude the district court's decision to depart under § 4A1.3 was factually supported and that the resulting sentence was reasonable.  Moreover, the court adequately explained its reasons for the departure.  We therefore affirm McDougald's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED